Stephens, P. J.
(After stating the foregoing facts.) There is no question raised by the defendant relative to the evidence being insufficient to authorize the jury to find that the plaintiff was injured and that such injuries were the result of negligent operation of the taxicab by the driver thereof. The sole question presented is whether the evidenced authorized the finding that the taxicab was being operated, at the time the plaintiff was injured, by an agent and servant of the taxicab company acting within the scope of his authority. The defendant insists that the fact that the cab in which the plaintiff was riding at the time of her injury bore the words <e Co-op Cab Company” would at most only raise a presumption that the cab was owned by the defendant, and was not sufficient to raise a presumption that the driver of the cab had authority to drive it at the time and place, or that such driver was at the time operating the cab as the agent and servant of the defendant. The plaintiff’s ease does not depend entirely on the fact that she was *258 riding in a taxicab on -which appeared the insignia "Co-op Cab Company.” It appeared from the evidence that the cab was in charge of a servant of the cab company; that the plaintiff told the driver that she wished to hire him to bring her to Columbus in the cab; that the cab driver told her he could do so; that the plaintiff paid the required cab fare to this driver who accepted it; that the plaintiff did not know the cab driver; that she was at Cotton’s Fish Camp near Columbus and desired to go to Columbus; that she saw the taxicab with the name "Co-op Cab Company” on it; that the cab was at the fish camp and the plaintiff went to the cabin where the cab was, knocked on the door and asked if she could hire the cab to get to town; that she was told that she could and to get in the cab, and that "We will be there in a few minutes;” that she got in the cab and the cab driver undertook to bring her to Columbus. It appeared from the evidence that cab drivers paid the cab company $2.50 a day for the use of the taxicabs; that a cab driver by the name of Heathcock was in charge of the cab hired by the plaintiff when the plaintiff hired it; that when the plaintiff hired the cab she was informed by Heathcock that he could not immediately take her to Columbus; that the plaintiff expressed a desire to get to Columbus at once; that Heathcock authorized Newberry,, likewise a cab driver with a permit to drive a cab, in the employ of the cab company, but who was off duty at that particular time, to drive the cab, and that it was Newberry who was driving the cab when the plaintiff was injured. Heathcock testified that he got the money and paid the cab company $2.50 for the cab.
The evidence authorized the jury to find that the cab in which the plaintiff was riding at the time she was injured belonged to the cab company, and was being operated as a taxicab of the company in transporting the plaintiff, a passenger for hire, at the time the plaintiff was injured.
While there was evidence that while the driver of the taxicab was not on duty, and that under the rules of the cab company he was not authorized to operate the .taxicab at the time the plaintiff was injured, it appears that the company was a common carrier of passengers, and the driver of the taxicab in which the plaintiff was injured was a taxicab driver of the company, and the plaintiff hired the taxicab to carry her as a passenger to Columbus, and while she was being transported as a passenger she was injured as the result of the negligent operation of the taxicab.
*259 It follows that the verdict in favor of the plaintiff and against the taxicab company for injuries received by her, a passenger, in the negligent operation of the taxicab, was not without evidence to ■support it and was not contrary to law. This is so whether the plaintiff is seeking to recover for a breach of the contract of carriage or to recover damages resulting from the failure of the carrier to exercise the required care and diligence in the operation of the taxicab.
The court did not err in overruling the motion for new trial of the defendant cab company.

Judgment affirmed.

Sutton, J., concurs. Felton, J., concurs in the judgment.